**NOT FOR PRINTED PUBLICATION**
IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRAD WAYNE KEATON | § | |
| VS. | § | CIVIL ACTION NO. 1:11-CV-410 |
| PHILLIP FAIRCHILD, ET AL. | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Brad Wayne Keaton, a prisoner confined at the U.S. Penitentiary in Jonesville, Virginia, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Detective Phillip Fairchild with the Liberty Police Department, Detective Doug O'Quinn with the Dayton Police Department, and John Doe Patrol Officers with the Liberty Police Department.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends defendants' motion for summary judgment be denied in part and granted in part.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Defendants filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds defendants' objections lacking in merit. As the Magistrate Judge correctly concluded, plaintiff's allegations in his verified complaint can serve as competent summary judgment evidence and a *pro se* litigant should be afforded some leeway and his pleadings are to be liberally construed. *Mitchell v. Cervantes,* 453 F. App'x 475,

2011 WL 6156876, *2 (5th Cir. 2001); *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

With respect to the aspect of plaintiff's alleged physical injury, there is some dispute as to whether the *de minimis* injury standard is still good law. *See Wilkins v. Gaddy*, 559 U.S. 34, 130 S.Ct. 1175, 175 L.Ed.2d 995 (2010) (Supreme Court ruled the district court "erred in dismissing Wilkins' complaint based on the supposedly *de minimis* nature of his injuries."). Regardless, the absence of an injury does not preclude an award for nominal or punitive damages if plaintiff can prove a Fourth Amendment violation. *Holmes v. Stalder*, 254 F.3d 71, 2001 WL 502795, * 1 (5th Cir. 2001); *see also Hutchins v. McDaniels*, 512 F.3d 193, 197 (5th Cir. 2007) (district court erred in dismissing plaintiff's § 1983 claim in its entirety as even in the absence of physical injury, a *pro se* prisoner may recover nominal or punitive damages despite § 1997e(e) if he can successfully prove his Fourth Amendment rights were violated). Furthermore, with respect to plaintiff's claims for psychological injury, the Fifth Circuit has rejected the argument that "psychological injures alone are never sufficient to sustain a Fourth Amendment claim." *Flores v. City of Palacios*, 381 F.3d 391, 398 (5th Cir. 2004).

Concerning plaintiff's claim of unlawful entry, it is defendants burden to prove that the person who gave consent had the actual or apparent authority to do so. *Illinois v. Rodriguez*, 497 U.S. 177, 181, 110 S.Ct. 2793, 2801, 111 L.Ed.2d 148 (1990). That burden cannot be met if officers, faced with an ambiguous situation, nevertheless proceed without making further inquiry. If the officers do not learn enough, and if the circumstances make it unclear whether the property is subject to "common authority" by the person giving consent, "then warrantless entry is unlawful without further inquiry. *Id*. at 188-89. As stated by the Magistrate Judge, on the present record, it would appear Mr. Stokes did not have the ability to let the officers in the home as he had to knock on the door to gain entry. This, in conjunction with the lack of evidence as to how the defendants actually entered the home once Mr. Stokes knocked on the door, and the

contradictory evidence as to where plaintiff was actually found in the home, cannot be considered sufficient evidence to establish lawful consent as a matter of law.

As to the defense of qualified immunity, as stated by the Magistrate Judge, summary judgment on qualified immunity is not appropriate when there are facts in dispute that are material to a determination of reasonableness. *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999).

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. Defendants' motion for summary judgment as to plaintiff's claims of unlawful entry and detention and excessive use of force under the Fourth Amendment are denied in addition to defendant's motion for summary judgment as to qualified immunity. Defendants' motion for summary judgment as to the official capacity claims against defendants and the claims against the John Doe defendants, however, is granted.

So **ORDERED** and **SIGNED** this **22** day of **March, 2013.**

_____
Ron Clark, United States District Judge